**Betty L. HUBBARD, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 00–3166.

United States Court of Appeals, Federal Circuit.

April 30, 2001.

---

Jonathan G. McGirt, Cheshire, Parker, Schneider Wells & Bryan, of Raleigh, NC, argued, for petitioner.

Wanda Rubianes–Collazo, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued, for respondent. With her on the brief were David M. Cohen, Director, and Kathryn A. Bleecker, Assistant Director. Of counsel on the brief was Murray M. Meeker, Trial Attorney, Office of the General Counsel, Office of Personnel Management, of Washington, DC.

Before MICHEL, LOURIE, and RADER, Circuit Judges.

MICHEL, Circuit Judge.

This is a federal employee benefits case. Betty Hubbard petitions for review of the May 12, 1999 decision of the Merit Systems Protection Board ("Board") which became final on November 23, 1999, denying her claim for a former spouse survivor annuity. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9). We heard oral argument in this appeal on April 2, 2001. Because we conclude that, as a former spouse of a former employee, petitioner is not entitled to a survivor annuity under 5 U.S.C. § 8341, we affirm.

## Background

Petitioner is the former spouse of William Hubbard ("Mr. Hubbard"). Mr. Hubbard was employed with the Department of Interior, National Park Service, from October 2, 1967 until his resignation on October 25, 1986, and was covered by the Civil Service Retirement System ("CSRS"). Petitioner and Mr. Hubbard were divorced on January 19, 1996. On June 9, 1997, the General Court of Justice, District Court Division, Wake County, North Carolina issued a Court Order Applicable to the Civil Service Retirement System awarding petitioner "an amount equal to Fifty Percent (50%) of [Mr. Hubbard's] Gross Monthly Annuity." The order was sent to the Office of Personnel Management ("OPM"), and on September 9, 1997, OPM advised petitioner and Mr. Hubbard that it would honor the order and pay appellant 50% of his gross retirement annuity "begin[ning] with the commencement of [his] retirement."

Mr. Hubbard died on July 28, 1998, at age 53. On September 8, 1998, petitioner submitted a Former Spouse's Application

for Survivor Annuity. By letter dated November 12, 1998, OPM informed her that she was not eligible for a survivor annuity because Mr. Hubbard was neither an active employee nor a retired annuitant. Petitioner requested reconsideration of that decision, and on January 7, 1999, OPM issued its reconsideration decision affirming its initial determination. On May 12, 1999, the Board affirmed OPM's decision, and the Board's ruling became final on November 23, 1999, upon the Board's issuance of a Final Order, declining review.

## Discussion

■ The scope of judicial review of decisions of the Board is defined narrowly and limited by statute. Specifically, this court must affirm the Board's decision unless it finds the decision to be arbitrary, capricious, an abuse or discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Kewley v. Department of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed.Cir.1998). In this appeal no facts are disputed, only the correct interpretation of statutes, a question of law, freely reviewable here.

■ In support of her claim for a survivor annuity, petitioner relies primarily on 5 U.S.C. § 8341(h)(1), which provides as follows:

Subject to paragraphs (2) through (5) of this subsection, a former spouse of a *deceased employee*, Member, *annuitant*, or former Member who was separated from the service with title to a deferred annuity under section 8338(b) of this title is entitled to a survivor annuity under this subsection, if and to the extent expressly provided for in an election under section 8339(j)(3) of this title, or in the terms of any decree of divorce

or annulment or any court order or court-approved property settlement agreement incident to such decree.

5 U.S.C. § 8341(h)(1) (emphasis added). The crux of the dispute on appeal is whether petitioner is entitled to invoke this provision to claim a survivorship annuity.

The plain language of § 8341(h)(1) specifies the classes of former spouses who may state a claim under this provision. The provision affords relief to "a former spouse of a deceased employee, Member, annuitant, or former Member." The definitions section of the statute explains that "Member" means, with enumerated exceptions, a Member of Congress. 5 U.S.C. § 8331(2).

Section § 8341(h)(1) is noteworthy in that it provides a cause of action for former spouses of either Members or former Members. The provision does not, however, afford former spouses of former employees similar treatment. Rather than provide benefits for former spouses of either employees or former employees (as with Members), the statute is limited to providing benefits to former spouses of employees, without mentioning former spouses of former employees. Mr. Hubbard worked for the National Park Service, and resigned from this position prior to his death. Thus, he is properly categorized as a "former employee." *See* Federal Erroneous Retirement Coverage Corrections Act, Pub.L. No. 106–265, § 2002(10), 114 Stat. 770 (2000) (the "2000 Act"), (defining "Former Employee" as "an individual who was an employee, but who is not an annuitant"). As a former spouse of a former employee, the literal language of § 8341(h)(1) does not provide benefits to petitioner.

That former spouses of former employees are not covered under § 8341(h)(1) is underscored by the 1986 amendments to the Civil Service Retirement Act. Whereas

the predecessor statute limited relief to "a former spouse of a deceased employee, Member, or annuitant," the 1986 amendments extended the Act's protections to "a former spouse of a deceased employee, Member, annuitant, or former Member who was separated from the service with title to a deferred annuity under section 8338(b) of this title." Federal Employees Benefits Improvements Act of 1986, Pub.L. No. 99–251, § 206, 100 Stat. 14, 25 (1986) ("1986 Act"). The legislative history of the 1986 Act recognizes that the predecessor statute "extends no [ ] right [to a survivor annuity] to a former spouse of a deceased former Member who was entitled to a deferred annuity." 131 Cong. Rec. 38399 (1985). The legislative history continues, stating: "These former spouses were intended to be included in section 8341(h)(1). This amendment corrects this oversight." *Id.* Congress's extension of the Act's protections for former spouses of former Members, without mention of former spouses of former employees, further suggests that § 8341(h)(1) does not afford relief to this latter group.

Nor can petitioner state a claim for benefits by establishing that Mr. Hubbard was entitled to a deferred annuity under § 8338(a). This provision states that "[a]n employee who is separated from the service or transferred to a position in which he does not continue subject to this subchapter after completing 5 years of civilian service is entitled to an annuity beginning at the age of 62 years." 5 U.S.C. § 8338(a). Petitioner points out that Mr. Hubbard completed more than 5 years of civilian service. Although Mr. Hubbard did not live to age 62, petitioner argues that this age requirement is simply the age at which he could begin drawing benefits, and that Mr. Hubbard became entitled to obtain an annuity after completing 5 years of civilian service. However, whether or not Mr. Hubbard can be considered "enti-

tled" to an annuity under § 8338(a) does not bear on whether petitioner can state a claim for benefits under § 8341(h)(1). Section 8338(a) provides benefits only for former (or "separated") employees (once they reach the requisite age). This provision does not provide benefits to spouses, or former spouses, of these individuals. Even if Mr. Hubbard was entitled to a deferred annuity under § 8338(a)—a question that we do not reach—such a finding would be insufficient to support petitioner's claim.

Had Mr. Hubbard been a Member of Congress, petitioner's argument might have more force. In a provision analogous to § 8338(a), former Members are entitled under § 8338(b) to a deferred annuity after completing 5 years of civilian service beginning at the age of 62 years. 5 U.S.C. § 8338(b). Once such an entitlement is established for former Members, their former spouses can claim benefits under § 8341(h)(1). *See* 5 U.S.C. § 8341(h)(1) ("[A] former spouse of a … former Member who was separated from the service with title to a deferred annuity under section 8338(b) of this title is entitled to a survivor annuity."). No such provision, however, entitles former spouses to benefits under § 8341(h)(1) even if an entitlement to a deferred annuity has been established under § 8338(a) for former employees.

Nor does 5 U.S.C. § 8345 provide relief to petitioner. This provision states in relevant part that "[p]ayments under this subchapter which would otherwise be made to an employee, Member, or annuitant based on service of that individual shall be paid (in whole or in part) by the Office to another person if and to the extent expressly provided for in the terms of—… (A) any court decree of divorce…." 5

U.S.C. § 8345(j)(1). This provision, however, applies only to benefits "which would otherwise be made." *Id.* This provision, thus, does not create entitlements, but only governs the method of paying benefits that have otherwise been established.

We conclude that neither § 8341, § 8338(a), nor § 8345 entitles petitioner to a survivor annuity. Accordingly, the Board's decision is

*AFFIRMED.*