**Devwaina HINES–HENDERSON,
Petitioner,**

v.

**OFFICE OF PERSONNEL
MANAGEMENT,
Respondent.**

No. 03–3019.

United States Court of Appeals,
Federal Circuit.

DECIDED: March 10, 2003.

Before CLEVENGER, BRYSON and PROST, Circuit Judges.

PER CURIAM.

Devwaina Hines–Henderson seeks review of the final decision of the Merit Systems Protection Board ("Board"), sustaining a decision by the Office of Personnel Management ("OPM") that denied her request for a Civil Service survivor annuity as a disabled dependent child incapable of self-support. *Hines–Henderson v. Office of Pers. Mgmt.*, No. SF0831020321–I–1 (July 16, 2002). Because we may not disturb OPM's findings of disability or dependency, we *affirm.*

I

Ms. Hines–Henderson is the adult daughter of Mr. Clint Henderson, a deceased former Federal employee. Mr. Henderson retired from the Department of the Navy in 1969 pursuant to the Civil Service Retirement System ("CSRS"), 5 U.S.C. §§ 8331 *et seq.* (2000). Shortly after his retirement, Mr. Henderson designated Ms. Hines–Henderson as the recipient of any benefits payable upon his death.

When Mr. Henderson died in 1992 in California, Ms. Hines–Henderson was 38 years old and resided in Arizona. Based upon her father's designation of beneficiaries, OPM made a lump-sum payment to Ms. Hines–Henderson for the unpaid portion of his final month's annuity.

In 2001, Ms. Hines–Henderson requested a survivor annuity as a disabled dependent child incapable of self-support. To support her request, Ms. Hines–Henderson alleged that she has suffered

from disabling rheumatoid arthritis since she was 17 years old. In its initial determination, OPM denied Ms. Hines–Henderson's application because, although she developed rheumatoid arthritis symptoms at age 17, she failed to present any evidence showing that her symptoms were disabling or that she was financially dependent on her late father.

Upon Ms. Hines–Henderson's request for reconsideration, OPM affirmed its initial determination. After summarizing the procedural history and available evidence, OPM found no evidence suggesting that she was diagnosed or received treatment for her conditions prior to the age of 18. OPM further noted that Ms. Hines–Henderson's physician indicated that she was capable of limited function, could handle her own finances, and was not totally incapacitated.

Ms. Hines–Henderson appealed the OPM's decision to the Board. In its initial decision, the Board affirmed OPM's reconsideration decision, because it determined that she did not qualify as a dependent child incapable of self-support due to a disability incurred before the age of 18, as required by 5 U.S.C. § 8341(a). The Board supported that determination by finding that Ms. Hines–Henderson was not a dependent child since her father did not support her at the time of his death. It also found that she was not disabled before the age of 18 in light of her full-time employment before and after the age of 18, child-bearing in 1974, college attendance in 1975 to 1976, and marriage in 1977. Because it found that Ms. Hines–Henderson failed to establish either that she lived with her father or was otherwise dependent on him as required by the statute, the Board affirmed OPM's denial of the request for annuity payments. Since Ms. Hines–Henderson did not request a review by the full Board, the initial decision be-

came the Board's final determination, from which she has timely sought review in this court pursuant to 28 U.S.C. § 1295(a)(9).

## II

Our standard of review for decisions of the Board is limited by statute. *Yates v. Merit Sys. Prot. Bd.*, 145 F.3d 1480, 1483 (Fed.Cir.1998). We may set aside Board decisions only if they are found to be (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 138, 140 (Fed.Cir.1986). This standard of review generally applies to the Board's adjudication of a request for survivor annuity payments. *E.g., Vaccaro v. Office of Pers. Mgmt.*, 262 F.3d 1280, 1284 (Fed.Cir.2001); *Hubbard v. Office of Pers. Mgmt.*, 247 F.3d 1236, 1238 (Fed.Cir. 2001).

The facts of this case, however, invoke an even stricter statutory limitation on our review. As an adult, Ms. Hines–Henderson may qualify for survivor annuity only if she can prove by preponderant evidence that she is an "unmarried dependent child regardless of age who is incapable of self-support because of mental or physical disability incurred before age 18." 5 U.S.C. § 8341(a)(4)(B) (2000); *see also id.* § 8341(e) (providing for the "annuity of a child under this subchapter"); *Cheeseman*, 791 F.2d at 140–41 (placing the burden of proof on the applicant). In its review of the record, the Board agreed with OPM's determination that she failed to show either that she became disabled before the age of 18 or that she was dependent upon her father at the time of his death. Unless those findings are reversed, Ms. Hines–Henderson cannot satisfy the

statutory requirements for survivor annuity entitlement.

We are without jurisdiction to disturb those findings. When OPM makes certain determinations based on disability or dependency findings, statute and precedent further restrict our limited scope of review. 5 U.S.C. § 8347(c) (2000); *Anthony v. Office of Pers. Mgmt.*, 58 F.3d 620, 624–25 (Fed.Cir.1995). Specifically, Congress provided that:

> The Office [of Personnel Management] shall determine questions of disability and dependency arising under this subchapter. Except to the extent provided under subsection (d) of this section, the decisions of the Office concerning these matters are *final and conclusive and are not subject to review.*

5 U.S.C. § 8347(c) (emphasis added). In *Lindahl v. Office of Personnel Management*, 470 U.S. 768, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985), the Supreme Court interpreted that statutory language as precluding appellate review of the factual determinations underpinning OPM's disability and dependency findings, except where "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.'" *Id.* at 791 (quoting *Scroggins v. United States*, 184 Ct.Cl. 530, 397 F.2d 295, 297 (1968), *cert. denied*, 393 U.S. 952, 89 S.Ct. 376, 21 L.Ed.2d 363 (1968)).

In her petition for review, Ms. Hines–Henderson did not point to any substantial departure from important procedural rights, nor did she show that either the Board or OPM misconstrued the governing legislation. Except for references to "public health and safety," she has not alleged or presented any evidence showing an error "going to the heart of the administrative determination." Consequently, we are without authority to review the agency's determination of disability or dependency. Those determinations thus stand and preclude any entitlement to annuity payments.

## III

Although we sympathize with Ms. Hines–Henderson's current sufferings, statute and precedent compel a conclusion that she is not entitled to survivor annuity benefits pursuant to 5 U.S.C. § 8341. Accordingly, we affirm the Board's decision sustaining OPM's denial of Ms. Hines–Henderson's request.